

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR ERNESTO SANCHEZ-RAMIREZ,<br><br>             Plaintiff - Appellant,<br><br>  v.<br><br>THE CONSULATE GENERAL OF MEXICO IN SAN FRANCISCO, CALIFORNIA,<br><br>             Defendant - Appellee. | No. 13-16791<br><br>D.C. No. 4:12-cv-03485-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Cesar Ernesto Sanchez-Ramirez appeals pro se from the district court's

judgment dismissing his action alleging various claims arising from his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

employment with the Consulate General of Mexico in San Francisco. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination of immunity under the Foreign Sovereign Immunities Act of 1976. *Embassy of the Arab Republic of Egypt v. Lasheen*, 603 F.3d 1166, 1170 (9th Cir. 2010). We affirm.

The district court properly dismissed this case for lack of subject matter jurisdiction because Sanchez-Ramirez failed to show that his employment fell within the commercial activity exception to immunity. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1127, 1132 (9th Cir. 2012) (a plaintiff has the burden of establishing that the foreign state is not entitled to immunity; the commercial activity exception applies only where a foreign state "exercises those powers that can also be exercised by private citizens, or when it acts in the manner of a private player within the market, but not when it exercises those powers peculiar to sovereigns." (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**